IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BABAR JAVED BUTT,                ) | |
|      Petitioner,                      ) | |
| vs.                                         ) | No. 3:19-CV-225-S (BH) |
|                                                ) | |
| JIMMY JOHNSON, Warden, et al.,  ) | |
|      Respondents.                  ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

By *Special Order No. 3-251,* this habeas case has been referred for findings, conclusions and recommendation. Before the Court is the petitioner's *Motion requesting an extension to file a response to Government's objections; Motion ordering Defendants to bring Petitioner under this Court's Jurisdiction*, received on March 19, 2019 (doc. 12).[1] Based on the relevant filings and applicable law, the motion should be construed as seeking injunctive relief and **DENIED**.

### I.  BACKGROUND

Babar Javed Butt (Petitioner), an alien detainee, filed a habeas petition under 28 U.S.C. § 2241 seeking release from detention pending removal proceedings. (*See* doc. 3.) He was detained in the Prairieland Detention Center (Prairieland) in Alvarado, Texas, when he filed his petition. (*See id.* at 3.) He claims that he was transferred to the Okmulgee County Jail, Moore Detention Center (Okmulgee), in Okmulgee, Oklahoma, due to overcrowding in Prairieland. (doc. 12 at 1.) The transfer allegedly removed him from this Court's jurisdiction, and he was unable to retrieve his documents from the Prairieland law library computers for use in replying to the Government's answer to his petition and for use in his appeal to the Board of Immigration Appeals (BIA). (*See id.* at 2.) Petitioner contends that he was transferred in bad faith to impede and obstruct his ability

---

[1]  Because the petitioner's prior motion for a ten-day extension of time to file his reply has already been granted, (*see* docs. 11, 13), the request is deemed moot.

to respond to the Government's answer because only 12 out of more than 800 detainees were transferred out of Prairieland, and he was one. (*Id.*) He asserts that the computer at Okmulgee has not been updated and he will now have to spend several hours researching case law and re-drafting a brief for his BIA appeal. (*Id.*) He seeks an order directing his return to Prairieland, prohibiting any future transfer from Prairieland until his BIA appeal is resolved, and preventing the respondents from taking any retaliatory action against him. (*Id.* at 2-3.) The motion is construed as seeking injunctive relief.

## II. ANALYSIS

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 129 S.Ct. 365, 376 (2008). To obtain a preliminary injunction, the movant must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Tex. Midstream Gas Servs., LLC. v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (citing *Winter*, 129 S.Ct. at 374). The party seeking the preliminary injunction bears the burden of persuasion on all four requirements. *Bluefield Water Assoc., Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009). If the movant fails to carry the "heavy burden" to show each of the four prerequisites, a preliminary injunction is not warranted. *See Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985). The function of a preliminary injunction is to preserve the status quo until the merits of the case can be adjudicated. *Morgan v. Fletcher*, 518 F.2d 236, 269 (5th Cir. 1975).

Petitioner has not shown he is entitled to injunctive relief. His transfer to Okmulgee did not

affect this Court's jurisdiction. "Jurisdiction attached on [the] initial filing for habeas corpus relief, and it was not destroyed by the transfer of petition and accompanying custodial change." *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014). In *Griffin*, the petitioner filed a § 2241 petition in a federal court in Pennsylvania, where he was in custody. He was then transferred to other districts. The Fifth Circuit held that the Pennsylvania federal court had jurisdiction based on the petitioner's place of custody at the time of the initial filing, and the subsequent transfers did not affect that court's jurisdiction. *Id.* at 290-91.

In addition, Petitioner has been granted an extension of time to respond to the Government's answer, (*see* docs. 11, 13), and he has not shown that his transfer to another facility will have any bearing on the resolution of this action. His appeal to the BIA is not before this Court, so he is not entitled to injunctive relief on that basis. Nor has he shown that there is any likelihood that the respondents will retaliate against him. Petitioner has failed to carry the "heavy burden" to show each of the four prerequisites for a preliminary injunction.

### III.  RECOMMENDATION

Petitioner's *Motion ordering Defendants to bring Petitioner under this Court's Jurisdiction* should be construed as a motion for injunctive relief and should be **DENIED**.

**SIGNED** this 20th day of March, 2019.

                                                     IRMA CARRILLO RAMIREZ
                                                     UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

    A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                     _____
                                                     IRMA CARRILLO RAMIREZ
                                                     UNITED STATES MAGISTRATE JUDGE